UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SAMUEL DIAZ,
    Plaintiff,

v.      C.A. No. 21-241JJM

PATRICIA A. COYNE-FAGUE, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Defendants' motion to dismiss Count II of the First Amended Complaint ("Amended Complaint," ECF No. 58) filed by Plaintiff Samuel Diaz, a prisoner at the Adult Correctional Institutions ("ACI"). ECF No. 152. In Count II, Plaintiff is suing pursuant to 42 U.S.C. § 1983, claiming injuries due to the use of excessive force by staff of the Rhode Island Department of Corrections ("RIDOC") during an incident on November 23, 2016.[1] The principal accused actor in connection with this incident – Defendant Correctional Officer Belisle – has asked to be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (5) because a docket entry on May 26, 2017, reflects that his summons was returned unexecuted, with the notation that he was "[r]etired." ECF No. 14; see ECF No. 152-1 at 4-5. The remaining Defendants, named individually and in their official capacities, (Ashbel T. Wall,[2] Lieutenant William Galligan, Deputy Joseph Jankowski, Assistant Director James Weeden, Warden

---

[1] Plaintiff alleges that he asked to speak to a doctor about treatment for attention deficit hyperactivity disorder and for access to the law library and began to kick his cell door when these requests were denied. In response, the water in his cell was turned off; he was sprayed with pepper spray directed into the cell; he was allowed a shower, but then returned to the contaminated cell, which had not been cleaned; and he was left there for days with no mattress or water. ECF No. 58 ¶¶ 56-70.

[2] The official capacity claims against former Director Wall were dismissed and current Director Patricia Coyne-Fague was substituted, in her official capacity only, by text order entered on April 18, 2019.

Matthew Kettle and Captain John Adams)[3] argue pursuant to Fed. R. Civ. P. 12(b)(6) that Count II fails to state a claim as to each of them because they are not mentioned in the pertinent portion of the pleading by name. ECF No. 152-1 at 5-6. The motion has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that it be denied as to all moving Defendants, except for Assistant Director James Weeden who should be dismissed.

## I.     Procedural Timing of Motion

Procedurally, this motion to dismiss arises at an unusually late point in the life cycle of the case. The reason may be explained by laying out the case's somewhat complex procedural history.

In March 2017, Plaintiff initiated this action *pro se*[4] claiming *inter alia* that he had been injured by two discrete constitutional violations: first, by excessive use of placement in punitive segregation over many years; and second, by excessive use of force in connection with the incident on November 23, 2016. See generally Diaz v. Wall, C.A. No. 17-94 WES, 2018 WL 1224457, at *1 (D.R.I. Mar. 8, 2018). In 2017, an answer was filed in response to the original *pro se* complaint (ECF No. 11) but, in 2018, after *pro bono* counsel were appointed to represent Plaintiff in connection with the portion of the *pro se* complaint alleging excessive use of punitive segregation, counsel filed the Amended Complaint for Plaintiff. ECF No. 58. Even though the

---

[3] The motion to dismiss was docketed on behalf of all Defendants (that is, those listed above), but Defendant Kettle was omitted from the motion itself. ECF No. 152. This appears to have been inadvertent. I have assumed that Defendant Kettle has joined the other Defendants in moving to dismiss the claims against him in this case. With that in mind, I use the shorthand – "moving Defendants" – to refer to the following: Correctional Officer Belisle, former Director Ashbel T. Wall (individual capacity only), Lieutenant William Galligan, Deputy Joseph Jankowski, Assistant Director James Weeden, Warden Matthew Kettle and Captain John Adams.

[4] For the substantial periods when he has been *pro se*, first in pursuing the *pro se* complaint, followed by his pursuit of the same claim in Count II of the Amended Complaint, Plaintiff's filings must be read with an "extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991).

filing attorneys had been appointed to represent Plaintiff only in connection with excessive use of segregation, this pleading addresses both issues, dividing Plaintiff's disparate claims into Count I (excessive use of punitive segregation over many years) and Count II (excessive force on November 23, 2016). Id. Defendants responded to the Amended Complaint by filing a motion for summary judgment. ECF No. 62. While the summary judgment motion was pending, the parties agreed to commence court-annexed mediation regarding Count I. In July 2019, a different attorney entered an appearance for Plaintiff on Count II.[5] ECF No. 85. To facilitate mediation, the motion for summary judgment was set aside, denied by the Court without prejudice to being refiled if ongoing settlement efforts were not successful. Text Order of July 30, 2019. This action by the Court left both Counts of the Amended Complaint without a responsive pleading.

Two years passed as the parties worked diligently mediating Count I issues. Finally, in the Spring of 2021, Plaintiff, acting *pro se*, expressed frustration with the lack of progress on Count II. At his request, the attorney who had entered an appearance on Count II was discharged and Count II was severed into this separate proceeding. Text Orders of June 2 & 4, 2021. Count II (now docketed as this separate case, C.A. No. 21-241JJM)[6] was immediately referred for its own mediation. This terminated as unsuccessful on September 13, 2021. Minute Entry of Sept. 13, 2021.

Since the Count II mediation ended, the parties have pursued and completed discovery on Count II issues; both the fact and expert discovery phases are now closed. However, through

---

[5] On December 21, 2018, the Court temporarily extended the *pro bono* attorneys' engagement to include Count II issues; this ended with the entry of the new attorney in July 2019. Text Order of Dec. 21, 2018; ECF No. 85

[6] What was originally Count I remains a pending matter denominated as C.A. No. 17-94JJM.

inadvertence of the Court and the parties, the deadline for Defendants to respond to Count II was never reset; further, despite the termination of court-annexed mediation regarding Count II, Defendants did not refile their summary judgment motion or take any other action to respond to the Amended Complaint. Based on the Court's discussion of this problem with the parties at a hearing on February 4, 2022, the Court set February 25, 2022, as the new deadline for Defendants to answer, move or otherwise respond to Count II of the Amended Complaint. Text Order of Feb. 4, 2022. This motion to dismiss followed. Plaintiff, acting *pro se*, has filed a timely objection. ECF Nos. 155-56.

## II.  Defendant Belisle – Insufficiency of Service of Process and Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2) and (5)

Defendant Belisle argues that all Count II claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because he has never been served. ECF No. 152-1 at 4-5. With the time to complete service long since run out, he contends that he is not a party and the Court lacks personal jurisdiction over him, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 152-1 at 4-5.

### A. Background Regarding Service of Process and Personal Jurisdiction

#### 1. Filing and Service of Original *Pro Se* Complaint

Plaintiff filed his original initial complaint *pro se* on March 7, 2017, naming as Defendants A.T. Wall, Matthew Kettle, Lieutenant Galligan, Dr. Corbo, Linn Diggins, Correctional Officer Belisle, Deputy Jankowski, James Weeden, Officer Calise, Lieutenant Sayles, Captain Adams and Dr. Borigard, in their individual and official capacities (except for Officer Calise, who was named only in his individual capacity).[7] Diaz, 2018 WL 1224457, at *1

---

[7] Plaintiff unsuccessfully attempted to add an unrelated claim and two more defendants on March 21, 2017 (ECF No. 4); this motion to amend was denied without prejudice on April 28, 2017, and was never resurrected.

n.1; ECF No. 1 at 1-5, 25. After Plaintiff's *in forma pauperis* motion was granted, ECF No. 6, the *pro se* complaint and summonses[8] were turned over to the United States Marshals Service for service; except for two, the summonses were returned executed on May 9 and May 26, 2017. ECF Nos. 9 & 15. The first exception is the summons addressed to "Dr. Borgigan" (named in the pleading as "Dr. Borigard"), which was returned unexecuted with the notation "does not work at ACI." ECF No. 14-1 at 1. Second, directly pertinent to what is now before the Court, the summons addressed to "C/O Belisler" was returned unexecuted with the notation "[r]etired." ECF No. 14 at 1. The United States Marshals Service took no further action to attempt to serve Defendant Belisle, nor did the then-*pro se* Plaintiff or the attorney who later appeared (in 2019) in connection with Count II and was discharged (in 2021) by Plaintiff. See ECF No. 98.

During the Court's status hearing on March 23, 2022, to discuss the instant motion among other matters, Plaintiff – acting *pro se* – advised the Court that he had never become aware of or understood that there was a problem with service on Defendant Belisle. More significant, Plaintiff stated that it is untrue that Defendant Belisle is "[r]etired" as the United States Marshals Service had noted on his unexecuted return of service. ECF No. 14 at 1. Indeed, according to Plaintiff, Defendant Belisle is not retired, but has continuously been employed by RIDOC. Plaintiff told the Court that he had seen Defendant Belisle at the prison as recently as

---

[8] The United States Marshals Service apparently did not receive a summons for Defendant Galligan; I assume that no summons was prepared for him as a result of his omission by Plaintiff (then *pro se*) from the list of Defendants on pages 2-5 of the pleading. Plaintiff listed him as a named Defendant only on page 25 of the *pro se* complaint. However, Lieutenant Galligan has actively defended the case and has not moved to dismiss based on lack of service. Further, he joined in filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss the *pro se* complaint as to him (ECF No. 35 at 1, 4-6) for failure to state a claim and did not raise Plaintiff's failure to serve him at that time, which waived the lack of service pursuant to Fed. R. Civ. P. 12(h)(1). The Court's decision on that first motion to dismiss specifically found that Plaintiff's excessive force allegations against Lieutenant Galligan in his individual capacity (which became the Count II claim) state a viable claim. Diaz, 2018 WL 1224457, at *8 (motion to dismiss denied as to "individual capacity claims for damages against . . . Lieutenant Galligan in connection with the November 23, 2016, incident and its aftermath"). Thus, despite Plaintiff's failure to serve Lieutenant Galligan, he was and remains a Defendant in this case.

during the prior week. During this hearing, RIDOC did not contradict or confirm Plaintiff's representations regarding Defendant Belisle. Following the hearing, Plaintiff filed a "[n]otice" and "[m]otion of [n]otice [f]or the record," both asserting that Defendant Belisle "still works at the DOC," ECF Nos. 158, 159, to which the Court ordered RIDOC to respond. Text Order of Apr. 11, 2022. Based on Defendants' response, it is clear that the United States Marshals Service's return was inaccurate. ECF No. 161-1 at 2-3. That is, Defendant Belisle had not retired and would have been served but for this error. Id.[9]

### 2. Defendant Belisle's Response to Original *Pro Se* Complaint

Defendants who had been served filed their answer to Plaintiff's original *pro se* pleading on May 17, 2017. ECF No. 11. Defendant Belisle did not join this answer or otherwise appear. The answer expressly omits Defendant Belisle as a responding Defendant and does not assert insufficiency of service of process as an affirmative defense. Id. at 2-3, 5-7.

Despite his nonappearance by the answer, soon after, on June 20, 2017, Defendant Belisle began to appear and defend without limitation or reservation of rights, for the first time by joining other Defendants in filing an opposition to Plaintiff's first motion to appoint counsel. ECF Nos. 19, 20. Next, and pivotal to the outcome of the instant motion, on October 25, 2017, Defendant Belisle joined the other Defendants in filing a motion to dismiss the *pro se* complaint. ECF No. 35. Via this motion, Defendant Belisle appeared and specifically argued that the claim against him arising from the use of excessive force on November 23, 2016, fails to state a plausible claim pursuant to Fed. R. Civ. P. 12(b)(6). Id. at 11-12. He did not raise or seek to preserve any other defenses in this motion, including making no mention of the defense of insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) or lack of personal jurisdiction

---

[9] The record does not suggest any intentional misconduct by Defendant Belisle or any other RIDOC staffer in misrepresenting Defendant Belisle's employment status. What happened appears to have been a mistake.

pursuant to Fed. R. Civ. P. 12(b)(2). The Court's ruling on this motion to dismiss specifically analyzed and addressed Defendant Belisle's arguments and rejected them. In relevant part, the Court "den[ied] the motion to dismiss the individual capacity claims for damages against Officer Belisle . . . in connection with the November 23, 2016, incident and its aftermath."[10] Diaz, 2018 WL 1224457, at *8.

### 3. Filing the Amended Complaint and Defendant Belisle's Response

A few weeks after the initial motion to dismiss was granted in part and denied in part, the Court made a limited appointment[11] of *pro bono* counsel to represent Plaintiff.[12] ECF Nos. 47, 48. Then, on August 30, 2018, acting with assistance of these Court-appointed *pro bono* counsel, Plaintiff filed the Amended Complaint, which includes Count II pertaining to the excessive force incident on November 23, 2016. ECF No. 58 ¶¶ 77-81. In this amended pleading, Plaintiff named the moving Defendants in their individual and official capacities: Director Ashbel T. Wall, Warden Matthew Kettle, Lieutenant William Galligan, Correctional Officer Belisle, Deputy Joseph Jankowski, Assistant Director James Weeden and Captain John Adams. Id. ¶¶ 10-16. After new counsel entered the case on Defendant Belisle's behalf, ECF No. 87-89,[13] on October 31, 2018, he joined the other moving Defendants in their responsive

---

[10] As of this point in the travel of the case, Plaintiff had not sought injunctive relief. Diaz, 2018 WL 1224457, at *8. Therefore, the Court dismissed the official capacity claims against all Defendants, including those asserted against Defendant Belisle. Id. at *7-8. This changed when the Amended Complaint was filed; it seeks injunctive relief and sues all of the moving Defendants in both official and individual capacities. See ECF No. 58.

[11] As noted *supra*, the *pro bono* panel attorneys were appointed to represent Plaintiff regarding liability for excessive placement in segregation. ECF No. 47.

[12] Although the other Defendants had already answered, technically, Defendants Belisle and Galligan had not and should have answered the *pro se* complaint fourteen days after the Court denied their motion to dismiss. See Fed. R. Civ. P. 12(a)(4)(A). They did not do so, waiting instead for the Amended Complaint to which they responded by moving for summary judgment.

[13] These entries of appearance specifically list Defendant Belisle as one of the litigants on whose behalf the attorney was appearing.

filing to the Amended Complaint – the motion for summary judgment.  ECF No. 62.  As to Defendant Belisle, the summary judgment motion argued that the Count II claims had not been properly exhausted; the motion for summary judgment did not mention the lack of or insufficiency of service of process or lack of personal jurisdiction.  Id. at 21-25.  As noted *supra*, to facilitate then-ongoing Court-annexed mediation, this motion was denied without prejudice to being refiled after the mediation terminated.  Text Order of July 30, 2019.  Once that was done, no Defendant did anything further to respond to Count II of the Amended Complaint until the Court noticed the oversight and the moving Defendants filed the instant motion to dismiss.

> **B.   Standard of Review – Service of Process and Lack of Personal Jurisdiction**

A defendant may move to dismiss based on insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).  Ciprian v. City of Providence, C.A. No. 12-651-ML, 2014 WL 1330748, at *1 (D.R.I. Mar. 31, 2014).  Such a motion to dismiss is granted if the process does not comply with the procedural requirements set forth in Rule 4 of the Federal Rules.  Id.  Plaintiff bears the burden of establishing that service was valid.  Id.  To serve the summons and complaint, it must be delivered in person, or to a usual abode, or to an agent of process or in accordance with state law within "90 days after the complaint is filed."  Fed. R. Civ. P. 4(e), (m).  If a defendant is not served in accordance with Fed. R. Civ. P. 4 or otherwise properly joined as a party, "a federal court lacks personal jurisdiction over" him and he may be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).  See Saykin v. Donald W. Wyatt Det. Ctr., C.A. No. 07-182ML, 2008 WL 2128059, at *3 (D.R.I. May 20, 2008).  As the First Circuit made clear in Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992), personal jurisdiction is established either by proper service of process, see, e.g., Jardines Bacata, Ltd. v. Diaz–Marquez, 878 F.2d 1555, 1559 (1st Cir.1989) ( "[i]n the ordinary course, the district court acquires

jurisdiction over a defendant only by service of process"), or by the defendant's waiver of any defect in the service of process, see, e.g., General Contracting & Trading Co. v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir. 1991) (personal jurisdiction may be by consent or implied from conduct).

When service is not properly completed in the time allotted by Fed. R. Civ. P. 4(m), but the plaintiff shows "good cause" for failing timely to effect service, "the court must extend the time for service for an appropriate period." Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008) (per curiam) (internal quotation marks omitted). In this Circuit, a *pro se* plaintiff proceeding IFP "shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations [to facilitate service] under [28 U.S.C.] section 1915(d) and Rule 4(c)(3)." Laurence, 551 F.3d at 94. Indeed, it is an abuse of discretion to dismiss a complaint for insufficiency of process in such circumstance. Id. This is particularly true for a plaintiff who is a prisoner and dependent on the Marshals to get the pleading served. Baez v. Connelly, 478 F. App'x 674, 675-76 (1st Cir. 2012) (per curiam); see Medina-Claudio v. Pereira, 443 F. Supp. 2d 208, 213 (D.P.R. 2006) ("Given that plaintiff had no control over the service of process on the defendants, we will not dismiss the complaint against the four that were actually served, albeit untimely."). Further, when a plaintiff is unaware of an issue with service on a particular defendant or that the counsel who has entered is not truly representing the defendant, the court may allow additional time for that plaintiff to effectuate service. See Sundholm v. ESuites Hotels, LLC, Civil Action No. 14-1996 (AET) (DEA), 2014 WL 5359003, at *2 (D.N.J. Oct. 20, 2014).

Both improper service of process and lack of personal jurisdiction are waivable defenses. Crispin-Taveras v. Mun. of Carolina, 647 F.3d 1, 6 (1st Cir. 2011). Pursuant to Fed. R. Civ. P.

12(h)(1), either or both are waived if they are omitted from the party's <u>first</u> responsive pleading. <u>Ferreira v. Corsini</u>, No. CV 13-12863-IT, 2016 WL 11372329, at *4 (D. Mass. Aug. 11, 2016), <u>adopted</u>, 2016 WL 4820612 (D. Mass. Sept. 14, 2016); see <u>Glater v. Eli Lilly & Co.</u>, 712 F.2d 735, 738 (1st Cir. 1983) (defendants wishing to raise 12(h)(1) defenses "must do so in their first defensive move"); <u>Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC</u>, Civil Action No. 11-40003-FDS, 2011 WL 2489988, at *3 (D. Mass. June 17, 2011) (defense based on lack of personal jurisdiction or insufficient service of process deemed waived if not made by a party's first-filed motion). That is, a defendant "waive[s] his service of process objection when he d[oes] not include it in his 12(b) motion to dismiss." <u>Chute v. Walker</u>, 281 F.3d 314, 320 (1st Cir. 2002). Waiver can also be inferred by conduct where the defendant, having actual knowledge of the lawsuit, participates in or encourages the proceedings. See <u>Precision Etchings & Findings, Ltd.</u>, 953 F.2d at 25. Waiver by conduct requires that the court find that the defendant has by a decisive act unequivocally shown an intent to submit to the court's jurisdiction. See <u>Jardines Bacata, Ltd.</u>, 878 F.2d at 1559.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(5), the court may go outside of the pleadings. <u>Sosa Polanco v. United States</u>, Civil No. 17-1327 (JAG), 2017 WL 9772872, at *2 (D.P.R. Dec. 13, 2017); <u>Comer v. Comer</u>, 295 F. Supp. 2d 201, 204 (D. Mass. 2003).

### C. Analysis and Recommendations – Service of Process and Lack of Jurisdiction

Defendant Belisle argues that Count II should be dismissed as to him because he was never served in accordance with Fed. R. Civ. P. 4 either with a summons and the *pro se* complaint or with a summons and the Amended Complaint. ECF No. 152-1 at 4-5. I recommend that his motion be denied because Defendant Belisle filed a Fed. R. Civ. P. 12(b)

motion challenging the viability of the original *pro se* complaint and omitted the defenses of insufficiency of service and lack of personal jurisdiction.  ECF No. 35.  As Fed. R. Civ. P. 12(h)(1) expressly provides, "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule(g)(2); or . . . failing to . . . make it by motion under this rule."  Fed. R. Civ. P. 12(h)(1).  Simply put, by filing his unsuccessful Fed. R. Civ. P. 12(b)(6) motion to dismiss on October 25, 2017, with no mention of the defense of lack of service or insufficient service of the summons and the *pro se* complaint, Defendant Belisle waived these defenses and became a defendant in this case.  See Chute, 281 F.3d at 320 (defendant "waive[s] his service of process objection when he d[oes] not include it in his 12(b) motion to dismiss"); DuPonte v. Coyne-Fague, 384 F. Supp. 3d 225, 226 (D.R.I. 2019) (defendants who appeared only in their official capacities but filed Fed. R. Civ. P. 12(b)(6) motion to dismiss entire complaint with no mention of insufficient service of process waived service-based defenses).

While the Court's work on Defendant Belisle's motion to dismiss could stop here, I note that the Court should also find waiver by conduct arising from Defendant Belisle's decisive acts "unequivocally show[ing] an intention to submit to the . . . court's jurisdiction."  Jardines Bacata, Ltd., 878 F.2d at 1559.  These include his ongoing participation in the defense of this case.  In particular, the Court should focus on the filing of the motion for summary judgment (ECF No. 62) as the responsive pleading to the Amended Complaint, in which Defendant Belisle asked the Court to enter judgment in his favor because the Count II claims had not been properly exhausted.  ECF No. 62 at 21-25.

Finally, if the District Court disagrees with my recommendation that Defendant Belisle's motion to dismiss should be denied because of waiver, I alternatively recommend that the Court

find that Plaintiff's failure to serve Defendant Belisle was the result of the error by the United States Marshals Service in incorrectly marking his summons as "[r]etired." ECF No. 14 at 1. In light of this circumstance, I recommend that the Court find that there is good cause justifying Plaintiff's failure timely to serve Defendant Belisle. Laurence, 551 F.3d at 94. Based on this finding, I further recommend that the Court order that Plaintiff's time to serve Defendant Belisle is reopened and direct the United States Marshals Service to serve him forthwith, which service, once accomplished, shall be deemed to have been timely pursuant to Fed. R. Civ. P. 4(m). Cf. Geico Gen. Ins. Co. v. F.B.I., Civil Action No. 20-CV-11811, 2021 WL 5049275, at *1 (D. Mass. Oct. 27, 2021) (court has discretion to extend time of service where statute of limitations would prejudice plaintiff's ability to file new complaint). As the First Circuit has made plain, it would be an abuse of discretion not to do so. Laurence, 551 F.3d at 94.

Based on the foregoing, I recommend that the Court deny Defendant Belisle's motion to dismiss for insufficient service and lack of personal jurisdiction. Alternatively, I recommend that the Court find good cause for Plaintiff to reopen the time to serve Defendant Belisle pursuant to Fed. R. Civ. P. 4(m) and direct the United States Marshals Service promptly to serve him with a summons and a copy of the Amended Complaint.

### III.  Other Moving Defendants – Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), the other moving Defendants argue that Count II of the Amended Complaint should be dismissed for failure to state a claim because Defendant Belisle is the only Defendant named as having violated Plaintiff's rights and he has not been properly served; thus, the Court does not have personal jurisdiction over him and any applicable statute of limitations has long since run. ECF No. 152-1 at 5-6. Essentially, these moving

Defendants argue that Count II of the Amended Complaint states a plausible claim only against Defendant Belisle, who is not a proper party.

To survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and it must show "more than a sheer possibility that a defendant has acted unlawfully." Id. "The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, and review pleadings of a *pro se* plaintiff liberally." Tucker v. Wall, No. CA 07-406-ML, 2010 WL 322155, at *8 (D.R.I. Jan. 27, 2010) (internal citations omitted). However, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992) (internal citation and quotation marks omitted). The Court's "duty to be less stringent with *pro se* complaints does not require [it] to conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (internal quotation marks omitted). Nevertheless, a district court deciding a motion to dismiss may consider factual allegations made by the *pro se* party outside the operative pleading to extent they are consistent with complaint's allegations. Walker v. Schult, 717 F.3d 119, 122 (2d Cir. 2013); Postell v. Fallsburg Library, 20-CV-03991 (NSR), 2022 WL 1092857, at *1 (S.D.N.Y. Apr. 8, 2022).

This Fed. R. Civ. P. 12(b)(6) motion targets the Count II claims against Ashbel T. Wall, Lieutenant Galligan, Deputy Jankowski, Assistant Director Weeden, Warden Kettle and Captain Adams. These moving Defendants are right that the Amended Complaint lists them as parties on both Counts, ECF No. 58 ¶¶ 10-16, but, for Count II, mentions by name only Defendant Belisle, id. ¶¶ 56-70, 77-81. However, the Count II portion of the pleading includes specific allegations against these named "Defendants" collectively, for example, alleging that "Defendants have failed to follow RIDOC decontamination protocol following an incident involving pepper spray use in a cell," as well as that leaving Plaintiff in a contaminated (with pepper spray) cell for days without a mattress or water amounts to conduct by these "Defendants" that was not a good faith effort to maintain or restore discipline but was excessive force imposed to cause harm and not to enforce discipline. ECF No. 58 ¶¶ 64, 69, 79. Similarly, although Plaintiff's original *pro se* complaint[14] is difficult to read and decipher, apart from Defendant Belisle, it contains specific enumerated factual allegations regarding allegedly actionable conduct related to Count II as follows:

> Galligan, ECF No. 1 at 25 ("allow[ed] Officer Belisle to put me in to cell with no mattress 2 days and to clean OC in cell with Toilit [sic] water");[15]
>
> Jankowski, id. at 23 ("allow[ed] Officer Galligan run the prison . . . denied all my appeal to this mistreatment . . . allowin[g] to stop me from my grievance").

---

[14] While it is well settled that an amended complaint supersedes the prior complaint, Ferreira v. Corsini, Civil Action No. 13-12863-IT, 2016 WL 11372329, at *13 (D. Mass. Aug. 8, 2016), adopted, 2016 WL 4820612 (Sept. 14, 2016), for a *pro se* litigant like Plaintiff, it is appropriate for the Court to consider the allegations in the *pro se* complaint in connection with the motion to dismiss. See Drew v. New York City Health & Hosps. Corp., No. 19-CV-4067 (JGK), 2022 WL 44751, at *2 (S.D.N.Y. Jan. 5, 2022) (on motion to dismiss *pro se*'s case, appropriate for court to consider facts as stated in each version of complaint).

[15] Defendant Galligan's first Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a plausible claim was denied based on the sufficiency of these allegations in the *pro se* complaint. Diaz, 2018 WL 1224457, at *8. In making his new motion to dismiss focused on the Amended Complaint, Defendant Galligan did not try to harmonize the Fed. R. Civ. P. 12(b)(6) argument he is making now with the Court's ruling on his first motion. Because I find that the Court should consider these factual allegations in the *pro se* complaint, I alternatively recommend that the Court deny the current motion to dismiss as to Defendant Galligan because it was resolved by the Court's 2018 ruling.

In addition, the *pro se* complaint specifically and clearly alleges that Defendant Belisle told the porter and Plaintiff that his decision to return Plaintiff to a cell in which pepper spray had been used but had not been decontaminated was intentional. Id. at 19 ¶¶ 6-10; see also ECF No. 155 ¶ 69 ("I ask the Porter Lopez why did he not clean the cell he told me that belisle told him not too?").

Since being restored to *pro se* status, Plaintiff amplified these allegations by filing documents that he has collected in support of Count II.  ECF Nos. 121, 121-1.[16]  These establish that RIDOC staff investigated and "substantiated" at least part of Plaintiff's claim regarding the November 23, 2016, incident – that is, RIDOC found that it is true that Plaintiff was returned to a cell with the water turned off and no mattress, which had not been properly cleaned or decontaminated (contrary to RIDOC policy) after the use of pepper spray. ECF No. 121-1 at 19; see also id. at 18. These documents further demonstrate the after-the-fact involvement in, and/or responsibility for dealing with, the incident, as to all of the moving Defendants, except for Assistant Director James Weeden, as follows:

> Wall – e.g., ECF No. 121-1 at 6-7, 9, 11;
>
> Galligan – e.g., ECF No. 121 at 9, 20, 21-22; ECF No. 121-1 at 2;
>
> Jankowski – e.g., ECF No. 121 at 6, 8, 9; ECF No. 121-1 at 4, 20;
>
> Kettle – e.g., ECF No. 121 at 22; ECF No. 121-1 at 1; and
>
> Adams – e.g., ECF No. 121 at 22; ECF No. 121-1 at 18, 20.

---

[16] If Plaintiff were not *pro se*, the Court probably should direct him to amend the Amended Complaint to add this substance to his pleading, perhaps simply by the attaching the documents filed at ECF Nos. 121, 121-1. In light of his *pro se* status and mindful of the stage this litigation has now reached, with discovery completed, I do not make that recommendation.

When these Defendants' involvement in the incident as reflected in these documents is juxtaposed with the *pro se* complaint's allegation that what Defendant Belisle had done was intentional, it is sufficient for Fed. R. Civ. P. 12(b)(6) purposes to render plausible that these Defendants investigated the incident and resolved it by imposing more discipline on Plaintiff and taking no action against Defendant Belisle, thereby actively condoning conduct that amounted to the intentional infliction of cruel and unusual punishment.

Putting all this together and acutely aware of Plaintiff's *pro se* status, see Postell, 2022 WL 1092857, at *1, I find that Plaintiff's use of the collective "Defendants" in the Amended Complaint is not fatal at the Fed. R. Civ. P. 12(b)(6) phase. This case is profoundly different from Jacobs v. Soars, Civil Action No. 14-12536-LTS, 2014 WL 7330762 (D. Mass. Dec. 19, 2014), in which the court found that the reference to "defendants collectively, when it cannot be reasonably inferred that all of the defendants were involved, does not meet the requirements of Rule 8(a)." Id. at *7. Because there is enough here to support the reasonable inference that each moving Defendant (except Defendant Weeden) was involved, I further find that the pleading, generously read in light of the somewhat greater specificity of the original *pro se* complaint, as well as in light of the documents Plaintiff filed in support of the Count II claim, has sufficient heft to state plausible claims as to all of the named Defendants, except for Defendant Weeden. As to him, I recommend that this case should be dismissed.

## IV. Conclusion

I recommend that Defendants' Motion to Dismiss (ECF No. 152) be granted as to Assistant Director James Weeden but be denied as to all other moving Defendants. Alternatively, to the extent that the Court does not adopt this recommendation as to Defendant Belisle, I recommend that the Court find good cause for Plaintiff to reopen the time to serve

Defendant Belisle pursuant to Fed. R. Civ. P. 4(m) and that the United States Marshals Service be directed promptly to serve him with a summons and a copy of the Amended Complaint.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 29, 2022