UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SAMUEL DIAZ,
        Plaintiff,

v.                               C.A. No. 21-241JJM

PATRICIA A. COYNE-FAGUE, et al.,
        Defendants.

**ORDER**

Plaintiff's "motion of notice" to respond to Defendant's objection (ECF No. 165) is denied. The Court interprets the motion as seeking sanctions, up to the sanction of default, based on Defendants having presented an argument for dismissal of Defendant Belisle and for failing to produce the portion of the November 23, 2016, surveillance video between 7:00 a.m. and 7:56 a.m. Regarding the motion to dismiss Defendant Belisle (ECF No. 152), the Court has already determined that "[t]he record does not suggest any intentional misconduct by Defendant Belisle or any other RIDOC staffer." ECF No. 163 at 6 n.9. The Court now finds that the motion to dismiss did not transgress Fed. R. Civ. P. 11 but rather presented legal contentions warranted by existing law and factual contentions with evidentiary support; therefore, no sanctions – either as to any Defendant or legal counsel – are appropriate. Regarding the surveillance video, the Court has not made the findings that are an essential prerequisite to the imposition of sanctions based on the failure to preserve electronically stored information pursuant to Fed. R. Civ. P. 37(e); rather, the Court has found only that the portion of the surveillance video pertinent to the use of force incident was preserved in accordance with RIDOC custom and practice and has been produced. ECF No. 164. The Court further finds that Plaintiff has presented nothing suggesting

that more of the video should have been preserved in anticipation of litigation.  Therefore, no sanctions are appropriate and Plaintiff's motion for sanctions is denied.[1]

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 13, 2022

---

[1] This Order is without prejudice with respect to the entry hereafter of an Order to cure any prejudice arising from the loss of relevant information (which prejudice the Court has not yet and may never find) if Plaintiff is able to establish the prerequisites for the entry of such an Order, which as of now he has not done.