UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL DIAZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 21-241JJM |
| | : | |
| PATRICIA A. COYNE-FAGUE, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending before the Court is a motion for summary judgment (ECF No. 166) filed by *pro se* Plaintiff Samuel Diaz, a prisoner at the Adult Correctional Institutions ("ACI"). In support of the motion, Plaintiff relies on the materials considered by the Court in denying Defendant's motion to dismiss. Diaz v. Coyne-Fague, C.A. No. 21-241JJM, 2022 WL 1284498, at *7 (D.R.I. Apr. 29, 2022), adopted by Text Order of May 24, 2022. However, that decision holds only that these materials, interpreted as factual allegations incorporated in the operative pleading, are "sufficient for Fed. R. Civ. P. 12(b)(6) purposes to render plausible that these Defendants investigated the incident and resolved it by imposing more discipline on Plaintiff and taking no action against Defendant Belisle, thereby actively condoning conduct that amounted to the intentional infliction of cruel and unusual punishment." Id. (emphasis supplied). The Court's decision on the motion to dismiss did not make findings to resolve disputed issues of fact, particularly with respect to the motivation (to restore order or gratuitously punish), knowledge and intent of Officer Belisle and other Defendants. These material facts remain hotly disputed. Further, the documents that were considered in connection with the motion to dismiss (assuming they are later found to be authentic and accepted as true, which has not yet happened)

might establish that it is undisputed that there was a mistake but do not preclude a fact finder from concluding that Defendants are not liable for a constitutional deprivation.

Because Plaintiff has failed to establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), I recommend that the Court deny Plaintiff's motion for summary judgment.[1]  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 31, 2022

---

[1] Plaintiff's motion also asks for a referral to alternative dispute resolution with a court-annexed mediator able to view his evidence; Defendants' motion to amend the pretrial scheduling order suggests that it is not opposed to returning to mediation.  As the Court has previously explained to Plaintiff, there are limits on the ability of a court-annexed mediator to use software programs that permit the sharing of documents, although a mediator may permit materials to be sent in advance of mediation for the mediator's review.  In light of this request, I will suggest that such a referral is appropriate.